LETTS, Judge.
This is an appeal by an insured from that portion of a trial judge’s order which denied coverage by reason of a provision in Aetna’s policy excluding personal injury protection coverage to an owner. We reverse.
The insurance policy sought to exclude personal injury protection benefits “to the named insured or any relative while occupying a motor vehicle of which the named insured is the owner and which is not an insured motor vehicle under this insurance.” In another paragraph, the policy defined “owner” as one who holds legal title to the uninsured vehicle. Under the facts before us now, the insured had a beneficial interest in the vehicle but he did *405 not hold legal title to the vehicle at the time of the accident.[1]
Reversed and remanded with instrue-tions.
Strictly construing the terms of the policy, as we must, any legal interpretation of the term “owner” must be limited to the definition set forth. Thus, the trial court erred in applying the PIP exclusion because the insured did not have legal title to the vehicle. Accordingly, we reverse the trial court’s decision since the PIP exclusion is inapplicable.
REVERSED.
DOWNEY and HERSEY, JJ., concur.

. The insured was under contract to purchase the vehicle.